COURT OF 
APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH 
NO. 
2-04-232-CR    
JAMES MICHAEL 
DAVILA                                                      APPELLANT   

V.   
THE STATE OF 
TEXAS                                                                  STATE  
  
------------ 
FROM THE 271ST DISTRICT COURT OF WISE 
COUNTY 
------------ 
MEMORANDUM OPINION[1] 
------------
        Appellant 
James Michael Davila appeals from his conviction for delivery of a controlled 
substance in an amount of one gram or more but less than four grams. In his sole 
point, he contends that the evidence is legally insufficient to prove the 
controlled substance weighed more than one gram. We will 
affirm.
Background 
Facts
        On 
November 12, 2002, two undercover officers, Marty Baker and Billy Bloom, along 
with a confidential informant, drove to a Wise County residence to purchase 
methamphetamine. Appellant and Madeline Mercer were at the residence when the 
officers arrived. Baker testified that he explained to Appellant that the two 
officers were interested in buying some methamphetamine. After Baker spoke with 
him, Appellant offered to go to his uncle’s house to pick up some 
methamphetamine. Before Appellant left, Baker gave him $100 in advance of the 
delivery. Appellant and Mercer left and returned approximately twenty minutes 
later with the methamphetamine. Thereafter, Baker received the methamphetamine 
from Appellant and Mercer. The officers and informant drove back to where they 
were staying and performed a field test on the substance, which tested positive 
for methamphetamine. Baker testified that he sealed up the packet that he 
performed the field test on and marked it with his initials. He also testified 
that State’s exhibit 1C, which contained the methamphetamine, was the same small 
baggie containing methamphetamine that was given to him by 
Appellant.
        Chris 
Youngkin, a criminalist with the Texas Department of Public Safety, testified 
that he performed three separate tests on State’s exhibit 1C. He testified that 
all three test results indicated that the substance tested positive for 
methamphetamine. Furthermore, Youngkin testified that he weighed the substance 
before and after he performed the tests. He indicated that the net weight of the 
substance, without weighing the packet or paper bag it was contained in, was 
1.07 grams and that the contents were methamphetamine, a controlled substance. 
Thereafter, the State offered and the court admitted exhibit 1C into evidence. 
The only objection by Appellant was regarding the chain of custody, which the 
court overruled.
Legal Sufficiency Standard of 
Review
        In 
reviewing the legal sufficiency of the evidence to support a conviction, we view 
all the evidence in the light most favorable to the verdict in order to 
determine whether any rational trier of fact could have found the essential 
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Ross v. State, 133 S.W.3d 
618, 620 (Tex. Crim. App. 2004).
        This 
standard gives full play to the responsibility of the trier of fact to resolve 
conflicts in the testimony, to weigh the evidence, and to draw reasonable 
inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 
99 S. Ct. at 2789. The trier of fact is the sole judge of the weight and 
credibility of the evidence. See Tex. Code Crim. Proc. Ann. art. 38.04 
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 
2000). Thus, when performing a legal sufficiency review, we may not re-evaluate 
the weight and credibility of the evidence and substitute our judgment for that 
of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 
1999), cert. denied, 529 U.S. 1131 (2000). We must resolve any 
inconsistencies in the evidence in favor of the verdict. Curry v. State, 
30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
        In 
his sole point, Appellant argues that the evidence is legally insufficient to 
show that he possessed more than one gram of methamphetamine. Specifically, he 
contends that the evidence is legally insufficient because 1) the chemist who 
tested the evidence did not use the words “adulterants and dilutants,” 2) the 
controlled substance was not admitted into evidence, and 3) there is no verbal 
description of the controlled substance in the record.
        A 
controlled substance is “a substance, including a drug, an adulterant, and a 
dilutant, listed in Schedules I through V or Penalty Groups 1, 1-A, or 2 through 
4. The term includes the aggregate weight of any mixture, solution, or other 
substance containing a controlled substance.” Tex. Health & Safety Code Ann. § 
481.002(5) (Vernon Supp. 2004-05). An “adulterant or dilutant” is “any material 
that increases the bulk or quantity of a controlled substance, regardless of its 
effect on the chemical activity of the controlled substance.” Id. § 
481.002(49). After the 1993 amendments to the health and safety code, the State 
was no longer required to prove that adulterants and dilutants were added with 
the intent to increase the bulk or quantity of the controlled substance or that 
they had no effect on the chemical activity of the controlled substance. See 
Williams v. State, 936 S.W.2d 399, 405 (Tex. App.—Fort Worth 1996, pet. 
ref’d). Furthermore, the State is not required to show that the chemist 
performed a test to determine how much of the submitted substance is a 
controlled substance and how much is some other material. Id. The State 
is required only to prove that the defendant possessed the minimum amount of the 
controlled substances, including any adulterants or dilutants, which in this 
case is one gram. See Melton v. State, 120 S.W.3d 339, 343-44 (Tex. Crim. 
App. 2003). The State may accomplish this by proving the gross weight of the 
substance which the defendant possessed. See id.
        Here, 
the jury heard evidence that 1) Baker performed a field test on the substance, 
which tested positive for methamphetamine, 2) Youngkin performed three separate 
tests to identify the substance, 3) the substance had a net weight of 1.07 
grams, 4) all three test results showed the substance contained methamphetamine, 
5) the plastic bag marked State’s exhibit 1C, which contained the 
methamphetamine was offered and admitted into evidence for all purposes. We hold 
that the evidence showing Appellant possessed methamphetamine in the amount of 
1.07 grams, regardless of whether or not it contained adulterants and dilutants 
and regardless of the form in which it was recovered, is sufficient to support 
his conviction for delivery of a controlled substance in the amount of one gram 
or more. See Tex. Health & 
Safety Code Ann. § 481.002(5); see also Green v. State, 930 S.W.2d 
655, 657 (Tex. App.—Fort Worth 1996, pet. ref’d) (holding form in which 
controlled substance is recovered does not determine whether accused has 
committed the offense of manufacturing the drug). We overrule Appellant’s sole 
point.
Conclusion
        Viewing 
the evidence in the light most favorable to the verdict, a rational trier of 
fact could have found that Appellant delivered methamphetamine in an amount of 
one gram or more but less than four grams. Accordingly, the evidence is legally 
sufficient. See Jackson, 443 U.S. at 307. Having overruled Appellant’s 
sole point, we affirm the trial court’s judgment.
   
                                                                  PER 
CURIAM      
PANEL A: HOLMAN, J.; CAYCE, C.J.; and SAM J. DAY, J. 
(Retired, Sitting by Assignment) 
DO NOT PUBLISH
Tex. R. App. 
P. 47.2(b) 
DELIVERED: April 14, 2005


 
NOTES
1.  See Tex. R. 
App. P. 47.4.